## Fort Worth & Denver City Railway Company v. John H. Kelley.

Decided November 7, 1903.

**1.—Contributory Negligence—Charge—Personal Injury.**

A charge that if the jury should find "that a person of ordinary prudence, employed as plaintiff was at the time of the injury, would not have placed himself in the position occupied by plaintiff at the time of the collision, they should find for the defendant," sufficiently includes the theory of a requested charge to the effect that if the jury should find that plaintiff (a call boy) negligently remained on the engine after delivering an order to the engineer, and that being on the engine was the proximate cause of his injuries, they should find against him.

**2.—Same—Charge Sufficient.**

The charge so given presented the theory of contributory negligence so pointedly and comprehensively as to render proper the refusal of any further charge on that subject.

**3.—Assignment of Error—Charge Without Evidence.**

An assignment of error to the court's refusal to give certain charges is futile where no evidence is set out under it, or otherwise appearing, such as would have warranted the giving of the charges.

Appeal from the District Court of Donley. Tried below before Hon. Ira Webster.

*Stanley, Spoonts & Thompson,* for appellant.

*Capps & Canley,* for appellee.

CONNER, Chief Justice.—This is an appeal from a judgment in appellee's favor for $10,000 as damages for personal injuries received while in the employ of appellant as a call boy.

Appellee alleged that his duty as call boy was to receive and to deliver orders for the movement of trains to certain of appellant's operatives, including hostlers, or engineers of switch engines, wherever they were to be found; that upon the morning of the injuries alleged appellee duly received proper order for delivery to the hostler then operating the switch engine in appellant's yards in Clarendon; that said order was delivered to said hostler within the cab of the switch engine, after which, and while appellee was standing on the platform between the engine proper and the tender thereto preparatory to alighting a collision occurred between said switch engine, at the time moving backward with heavy train attached, and a train heavily loaded with rock standing on the switch track along which said engine and attached train were moving, whereby appellee was crushed and injured as set forth.

The grounds of negligence charged, so far as necessary to notice, were (1) that said hostler was guilty of negligence in running backward at an excessive speed under the circumstances set forth; (2) that no watchman on the front of said tender had been provided, as should have been done, to warn the person in charge of said switch engine of the proximity of

said rock train and of danger of collision therewith; and (3) that the brakeman in charge of the switch at the time of the collision was guilty of negligence in opening the same and signaling the person in charge of the engine to run it and attached train into and upon the switch track without giving notice of said cars of stone.

Appellant pleaded the general denial, assumed risk, and, among other things, that appellee was guilty of contributory negligence in that he unnecessarily went upon the switch engine and assumed a dangerous position with full knowledge of the dangers of the position and of the condition of the railway yards.

The verdict and judgment is not complained of as excessive, nor is it contended that the evidence fails to support the verdict in appellee's favor on all issues presented, the assignments of error being directed alone to the action of the court in giving and refusing charges. We therefore, without specifically setting forth the facts, find that all material allegations of appellee's petition are established by the evidence, and that he was not guilty of having assumed the risks, nor of the contributory negligence charged against him.

Error is first assigned to the refusal of the court to give special charge number 12. The special charge referred to was filed, and bears the indorsement at its foot of "Submitted in charge to the jury. Ira Webster, Dist. Judge." This indorsement suggests, if it does not show, that the charge was given. But if treated as refused, the refusal is not reversible error. The special charge was to the effect that if the jury should find that appellee negligently remained on the engine after the delivery of the order to the engineer, and that being on the engine was a proximate cause of his injuries, they should find against him.

The court charged that if the jury should find "that a person of ordinary prudence, employed as said John H. Kelley was at the time he was injured, would not have placed himself in the position occupied by the plaintiff Kelley at the time of the collision * * *" they should find for appellant. The charge given is doubtless more directly pertinent to the plea and contention that appellee was negligent in standing between the tender and cab; but we think it also perhaps sufficiently comprehensive to include the theory of the special charge above referred to, if indeed such theory should in any event have been specifically presented, the alleged unnecessary delay on the engine not having been enumerated among the specific acts of contributory negligence pleaded. Besides, and as conclusive of the entire contention, we find nothing in the evidence that made this a material issue. While there was some evidence that the engine was moving at the rate of from three to five miles an hour, and that appellee could have easily gotten off at such speed, yet appellee testified to the effect that after the engineer had signed the required receipt for the order, he, appellee, turned and walked to the place of exit and that "about the time I swung my lamp out the engine backed into" the rock train. We find but little, if anything, tending to show unnecessary delay, and nothing whatever tending to show that dan-

ger was to be apprehended in the absence of the rock train of which appellee was ignorant. The first assignment, and also the fourth, presenting substantially the same question, is therefore overruled. .

That part of the court's charge hereinbefore quoted pointedly and comprehensively presented the theory of contributory negligence that is made the feature of appellant's special charge number 10; and its refusal was therefore not erroneous, as is insisted in the second assignment.

In the third assignment complaint is made of the court's refusal to give special charge number 11, to the effect that if appellee was negligent in going on the engine, and such negligence was a proximate cause of his injuries, the verdict should be against him. And in the fifth and last assignment appellant complains of the refusal of special charge number 15, to the effect that if appellee boarded and remained on the engine without lawful business, without consent of the conductor, the verdict should be against him. But no evidence is set out under these assignments requiring the submission of any such charges, nor have we found such evidence. All assignments must therefore be overruled.

The judgment is affirmed.

*Affirmed.*